CITY ENTERTAINMENT CORPORATION, Plaintiff, *v.* SIDNEY YOUNG, as President of Screen Office & Professional Employees Guild, Local 109, et al., Defendants.

Supreme Court, Special Term, New York County, December 8, 1948.

*Thomas F. Fennell, II,* and *William F. Hamilton* for plaintiff.

*Leonard B. Boudin* for Screen Office & Professional Employees Guild, defendant.

*Hyman N. Glickstein* and *Vera Boudin* for Screen Publicists Guild, defendant.

EDER, J.   Motion for injunction and cross motion to dismiss the complaint on the ground that it appears on the face thereof that it does not state facts sufficient to constitute a cause of action, are considered together.

The motion for injunction is granted, and the cross motion to dismiss is denied.   The court is of opinion that the complaint sets forth a maintainable cause of action for the relief sought.

While much is said in the briefs with respect to the Taft-Hartley Act (U. S. Code, tit. 29, § 141 *et seq.*), I have not been influenced in that connection because I do not think it is applicable or essential to the disposition of the motion for injunctive relief.   Moreover, with respect to plaintiff's argument based on any of the provisions of the Taft-Hartley Act, it is merely incidental.   It is clear that the plaintiff's principal contention is that under the law of this State it is entitled to an injunction to restrain the secondary boycott and picketing complained of in the complaint.

I have reached the final conclusion that no labor dispute exists within the meaning of section 876-a of the Civil Practice Act, and, also, that the "unity of interest" doctrine, emphasized by defendants, is without application here.

I am persuaded by the arguments and cases cited in plaintiff's briefs that they present a correct exposition of the law.

It is my view, also, that the plaintiff is entitled, upon the record presented, to the injunction sought, and that it has made out a case showing that the defendants are engaged in secondary picketing and a secondary boycott in the commission of the acts complained of — intimidation, coercion, disturbance of the peace, the publication and distribution of false and fraudulent statements made to the public concerning the plaintiff and its alleged hostility toward the unions and their members.

The able counsel for the respective parties are commended for the illuminating and instructive briefs submitted. Bond $1,000. Settle order.